# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CURTIS B. REYNOLDS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **CIVIL NO. 08-cv-506-JPG** |
| ) | |
| **W.A. SHERROD,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis* (Doc. 2). Based on the financial information submitted by Petitioner, his motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED.**

Petitioner, an inmate in FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction in the United States District Court for the Central District of Illinois for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). Petitioner asserts that the recent Supreme Court decision in *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008), invalidates his conviction.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner does not contend that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. Even if he did, however, the Court would still dismiss the instant action. In *In re Davenport,* 147 F.3d 605 (7th Cir. 1998), the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport,* 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir.

2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit recently clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Petitioner appears to argue that he is "actually innocent" under *Davenport* based on the Supreme Court's decision in *District of Columbia v. Heller*. In *District of Columbia v. Heller*, however, the Supreme Court clearly stated that "nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons[.]" Consequently, Petitioner's argument that the decision invalidates his convictions is meritless. Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: August 8, 2008.**

                                    **s/ J. Phil Gilbert**
                                    **U. S. District Judge**